# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ESCOBEDO,<br><br>Petitioner,<br>vs.<br><br>MARK LUND,<br><br>Respondent. | No. C 10-4111-MWB<br><br>**ORDER REGARDING RESPONDENT'S MOTION FOR STAY PENDING APPEAL** |

This case is before me on the respondent's June 24, 2013, Motion For Stay Of Order Pending Appeal (Motion For Stay) (docket no. 56). The respondent seeks a stay pending appeal of my June 3, 2013, Memorandum Opinion And Order Regarding Objections To Magistrate Judge's Recommended Disposition Of State Prisoner's *Habeas* Petition (Memorandum Opinion) (docket no. 54).

More specifically, in my Memorandum Opinion, I granted, in part, petitioner Escobedo's January 10, 2010, Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (docket no. 1), as amended on February 1, 2011, *see* Amended *Habeas* Petition (docket no. 14). I granted Escobedo's request for a new trial, and I gave the respondent thirty days from the date of my Memorandum Opinion within which to initiate new trial proceedings against Escobedo or to appeal the ruling granting Escobedo's request for § 2254 relief, or a writ of *habeas corpus* would issue requiring the release of Escobedo from the custody of the respondent. On June 24, 2013, the respondent filed his Notice of Appeal (docket no. 55), then sought the stay now at issue. In an Order (docket no. 57), filed June 24, 2013, I indicated that I was inclined to grant the respondent's request for a stay pending appeal, but that I would not

do so without affording Escobedo the opportunity to respond to that request, and I set a deadline for Escobedo's response. Escobedo timely filed his Response (docket no. 6) on June 27, 2013, resisting a stay.

Rule 23(c) of the Federal Rules of Appellate Procedure provides as follows:

> **(c) Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c); *see also Foster v. Lockhart*, 9 F.3d 722, 727 (8th Cir.1993) ("Federal district courts have power to order a successful state habeas petitioner's release with or without bail, Fed. R.App. P. 23(c)."); *Wanatee v. Ault*, 120 F. Supp. 2d 784, 786 (N.D. Iowa 2000). This rule creates a "presumption" of release from custody when relief is granted in a *habeas* case, but that presumption may be rebutted upon consideration of "traditional standards governing stays of civil judgments." *Hilton v. Braunskill*, 481 U.S. 770, 772-74 (1987). In *Hilton*, the Supreme Court identified the traditional factors regulating a stay of a civil judgment as "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 776.

In his Motion For Stay, the respondent mouths the relevant factors, but offers little in the way of concrete argument demonstrating that those standards are met in this case. At most, he observes that Escobedo was convicted of a serious crime, is a flight risk, and is a possible danger to the public, so that the state has a "compelling" interest

in his continued custody.[1] In his Response, Escobedo asserts that the respondent has made only conclusory assertions that a stay is warranted, so that the respondent has failed to carry his burden to overcome the presumption of release created by Rule 23 of the Federal Rules of Appellate Procedure. Escobedo also argues that the pertinent factors weigh in favor of denying the request for a stay.

I agree with Escobedo that, read in a vacuum, the respondent's Motion For Stay is poorly supported. That request is not offered in a vacuum, however, but in circumstances well-known to the parties and the court. Those circumstances do warrant Escobedo's continued incarceration during the pendency of the respondent's appeal of my Memorandum Opinion granting Escobedo's request for § 2255 relief.

First, in my Memorandum Opinion granting Escobedo's § 2255 Motion, I conditioned the issuance of a writ of *habeas corpus* for Escobedo's release on the respondent's *failure*, within thirty days of the date of the order, to initiate new trial proceedings against Escobedo or to appeal that ruling. Memorandum Opinion (docket no. 54), 73. The respondent *did* file a Notice Of Appeal within the thirty-day period. Thus, there is not, as yet, any order for Escobedo's release, although there is an order finding that he is entitled to § 2255 relief, and specifying that such relief would be a new trial. *See* FED. R. APP. P. 23(c) (stating, "While a decision ordering the release of a prisoner is under review," the prisoner must be released unless a court orders otherwise). Certainly, it was my intent and expectation that, if the respondent filed a timely notice of appeal, Escobedo would not be released, if at all, until appellate review of my Memorandum Opinion had been completed.

---

[1] The respondent's Motion For Stay was not accompanied by a brief, as required by N.D. IA. L.R. 7(d), which might have provided some more complete explanation of how the standards for a stay pending appeal favor a stay in this case.

3

Second, when the district court conditions release on failure of the respondent either to grant the petitioner some relief or to appeal the district court's ruling, "the better practice [is] for the state to . . . both file[ ] an appeal and s[eek] a stay." *Copeland v. Washington*, 232 F.3d 969, 976 n.4 (8th Cir. 2000). The respondent has followed that "better practice" here, by seeking a stay as well as filing a Notice Of Appeal. Thus, I will also consider whether the pertinent factors weigh in favor of a stay of my Memorandum Opinion, if that ruling can be construed as "a decision ordering the release of a prisoner." FED. R. APP. P. 23(c).

Although the respondent has done a poor job of articulating why the "*Hilton* factors" warrant a stay, the record shows that those factors weigh in favor of a stay pending appeal. Whether or not the state court erred in its formulation of trial counsel's alleged error with regard to a mistrial and then unreasonably decided that issue was a close enough question that the respondent has sufficient likelihood of success on the merits to warrant a stay pending appeal. *See Hilton*, 481 U.S. at 776 (the first factor is "whether the stay applicant has made a strong showing that he is likely to succeed on the merits"). There is also some risk of irreparable injury to the respondent absent a stay, *see id.* (second factor), in light of Escobedo's incentive to flee if released, where he has been convicted of first-degree murder. On the other hand, Escobedo cannot argue that the issuance of the stay will substantially injure him, *see id.* (third factor), where the stay maintains the *status quo*, I did not order his immediate release, and nothing in my Memorandum Opinion suggests that there was insufficient evidence that he committed the charged murder—indeed, his defense at trial was self-defense, not that he did not brutally stab the victim. *See* Memorandum Opinion at 14 (quoting the state appellate court's decision explaining trial counsel's belief that the jurors appeared to believe his argument that the killing had been in self-defense). Finally, the public interest, *see id.*, lies in favor of a stay pending appeal, again,

because nothing in my Memorandum Opinion suggests that there was insufficient evidence that Escobedo committed a brutal murder, so that he may fairly be considered a danger to the public if released. The public interest reasonably favors pretrial detention of a first-degree murder suspect in most circumstances, so that it also reasonably favors continued detention of a prisoner granted a new trial on a first-degree murder charge as *habeas* relief.

THEREFORE, the respondent's June 24, 2013, Motion For Stay Of Order Pending Appeal (docket no. 56) is **granted**, and the issuance of any writ of *habeas corpus* requiring the release of petitioner Guillermo Escobedo from the custody of the respondent on the ground that such continued custody is in violation of the Constitution and laws of the United States is **stayed** pending appeal.

**IT IS SO ORDERED**.

**DATED** this 28th day of June, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA